**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ORU KAYAK, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SHENZHEN ALOUETTE INTELLIGENT TECHNOLOGY CO., LTD., a Chinese Corporation; SKATEBOLT, LLC, a California limited liability company; and PHOENIX RYDERS USA, LLC, a California limited liability company,<br><br>　　　　Defendants. | Case No. CV 21-8780-GW-MRWx<br><br>**PERMANENT INJUNCTION AND ORDER DISMISSING ACTION**<br><br><br><br><br><br><br><br><br><br><br><br>Complaint Filed:　November 8, 2021<br>Trial Date:　None Set |

On November 8, 2021, Plaintiff Oru Kayak, Inc. ("Oru Kayak") filed its Complaint against Shenzhen Alouette Intelligent Technology Co., Ltd. ("Shenzhen Alouette"), Skatebolt,

LLC ("Skatebolt"), and Phoenix Ryders USA LLC ("Phoenix Ryders") (collectively "Defendants"), alleging infringement of U.S. Pat. No. 8,316,788 ("the '788 patent"). None of the Defendants have yet filed a responsive pleading. In order to reduce the time and expense of litigation, the parties have executed an agreement settling this action, and as a condition of settlement, the parties have agreed to have the Court enter this Permanent Injunction and to dismiss this action. Therefore, IT IS HEREBY ORDERED AS FOLLOWS:

## FINDINGS

1. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has personal jurisdiction over Defendants.

2. Venue is proper in this judicial district as to all parties.

3. The Complaint states a claim upon which relief may be granted against Defendants under the Patent Act, 35 U.S.C. § 1 *et. seq.*

4. Defendants have not responded to the Complaint and have not contested Plaintiff's allegations.

5. Defendants have each entered into this Permanent Injunction freely and without coercion.

6. Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## ORDER

Defendants are permanently restrained and enjoined as follows, up until the expiration or a final non-appealable judgment of invalidity of the '788 patent:

7. Defendants shall not manufacture in the United States, import into the United States, offer for sale in the United States, or sell to customers in the United States, any kayak that folds using a "living hinge" mechanism, including but not limited to the TERRAVENT kayaks that are the accused products in this action.

8. To the extent technically feasible, Defendants shall disable the ability for customers to use a United States address as the destination for shipping of any kayak that folds using a "living hinge" mechanism, including but not limited to the TERRAVENT kayaks that

are the accused products in this action, on all online platforms operated or controlled by Defendants or any one of them.

9. This Court SHALL RETAIN JURISDICTION of this action to the extent necessary to ensure full compliance with this Stipulated Permanent Injunction, including enforcement by way of contempt or otherwise.

10. Each party shall bear its own attorney's fees and costs relating to the present action.

11. All claims in this action SHALL BE DISMISSED WITH PREJUDICE without costs or attorney's fees to either party.

**IT IS HEREBY FURTHER ORDERED** that, in accordance with the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any website operator, online retailer, web hosting company, domain name registry, and/or domain name registrar in the United States having notice of the Court's Order must (1) take any and all action necessary to remove infringing products, including the TERRAVENT KAYAKS and any other kayak that folds using a "living hinge" mechanism, from websites in the United States having content provided or controlled by Defendants; and (2) provide notice of compliance to Oru Kayak's counsel within ten (10) business days of receipt of notice of this Order.

**IT IS SO ORDERED.**

Dated: March 3, 2022   Signed: _____
HON. GEORGE H. WU,
UNITED STATES DISTRICT JUDGE